Johnson, Ch. J. (Dissenting.)
In the case of The People v. Draper (15 N. Y, 532), in which the constitutionality of the Metropolitan Police law was affirmed, both the judgment and the opinion of this court establish that the offices provided for by that law, including that of patrolmen, were newly created offices, and on that ground maintain the constitutionality of the law. The turning point of the case was whether those offices were county or city offices, or whether they were police district offices, and the solution of this question depended upon i the power of the Legislature to create a police district. That | question having been decided upon great consideration, it is j neither necessary nor suitable to restate the grounds upon ( which, in law and reason, it rests.
The office of patrolman being, then, a new office, the policemen were, by the terms of the law, designated as the persons who were to be patrolmen. But this designation did not, of itself, and without acceptance on the part of the persons so designated, constitute them officers. (People v. Carrique, 2 Hill, 93; Van Orsdall v. Hazard, 3 id., 243.) The facts found by the special verdict are conclusive that the relator did not accept. He rejected the law and the superior officers whom that law placed over him. He did, it is true, certain acts which, as a policeman under the preceding law, he would have had authority to do if the new law had not been passed, and which he also would have had, under the new law, authority to do if he had accepted the office which it tendered to him. But it is apparent that these acts were done by him in subordination to the city officials, and in opposition to the law. In an organization depending for its efficiency so entirely upon obedience *205 to superiors as a police force depends, this course of action on his part was as substantially and effectually, though not so flagrantly, hostile to the legal police authority, as was the conduct of those who, acting under the same pretended authority with the relator, came into actual conflict with the patrolmen in office under the Metropolitan Police bill. In legal effect there is no distinction between the men of the old police force who did not submit to and perform duty under the new law, founded upon the mere degree of physical opposition to the new law. Those who,.by their acts, refused obedience to it, did not take office under it. They had, undoubtedly, the right to think the law unconstitutional, but if they acted on the opinion, they acted at their own peril. The law knows no such thing as a suspension of duty to obey a statute until the question of its constitutionality is determined. A statute is, when passed, either constitutional or unconstitutional: in the former case all are bound to obedience; in the latter no one is bound, not even for an instant; it is, from the beginning, no law. But in every case he who disobeys, does so at his own risk. It seems to me that a failure to recognize this truth is at the bottom of the position on which the relator relies. It is in that view only that the fact of his connection with and continuing to act in his old police duties and relations bears at all upon the question of his acceptance of the new office. If this new law had designated the relator by name as a patrolman, and he never before having been connected with the police, had proceeded to do just what this case shows him to have done—if being so nominated he had proceeded to act under a hostile organization, denying the lawful authority of the superior officers of the police, and rejecting the obligation of the law—it seems to me entirely plain that he could not be regarded as in office. At all events, if this be not plain, I can conceive of no conduct which would more clearly show the fact of non-acceptance. The case is identical with that before us; the supposed nominee would be in the position which the relator occupies, when his case is stripped of the circumstances which do not bear on its legal merits. And I can no more *206 doubt in the one case than in the other, that the law is, that there never was, by him, any acceptance of the office of patrolman.
The judgment should be reversed.
Judgment affirmed.